UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LOUIS PEATS, #983390,

       Petitioner,

v.                                CASE NO. 2:21-CV-10771
                                 HON. DENISE PAGE HOOD

GARY MINIARD,

       Respondent.
_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR EQUITABLE TOLLING, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

Michigan prisoner Marvin Louis Peats ("Petitioner"), currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of third-degree criminal sexual conduct following a jury trial in the Kent County Circuit Court and was sentenced, as a fourth habitual offender, to 17 to 40 years imprisonment in 2016. In his pleadings, he raises claims concerning the sufficiency of the evidence, the notice of the charges against him, the effectiveness of trial counsel at sentencing, the effectiveness of trial and appellate counsel relative to jury selection, the right to post-conviction relief, the fourth habitual

offender notice, and his entitlement to relief under Michigan Court Rule 6.500. ECF No. 1.

On May 12, 2021, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 3. Petitioner filed a timely response to the Court's show cause order, entitled as a motion to equitable tolling, asserting that he is entitled to equitable tolling of the one-year period due to his mental health issues, lack of education, and innocence. ECF No. 4. Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.     Procedural History

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the prosecution failed to present sufficient evidence to support his conviction, that he was not given sufficient notice of the charges, and that trial counsel was ineffective at sentencing, for failing to request a DNA test, and for failing to object to prosecutorial misconduct. The court denied relief on those claims and affirmed his conviction and sentence. *People v. Peats*, No. 334608, 2017 WL 4557651 (Mich. Ct. App. Oct. 12, 2017). Petitioner did not timely seek leave to appeal with the Michigan Supreme Court. ECF No. 1,

PageID.2.

On July 17, 2018, Petitioner dated an initial federal habeas petition, raising claims concerning the sufficiency of the evidence, the notice of the charges, and the effectiveness of trial counsel at sentencing. The Court dismissed the petition without prejudice for failure to exhaust state court remedies. *Peats v. Winn*, No. 2:18-CV-12254 (E.D. Mich. July 30, 2018) (Roberts, J.).

On July12, 2019, Petitioner filed a motion for relief from judgment with the state trial court, ECF No. 1-1, PageId.146, alleging that trial and appellate counsel were ineffective relative to jury selection, that his constitutional claims are reviewable due to his actual innocence, that the habitual offender notice was untimely, and that he is entitled to post-judgment relief under Michigan Court Rule 6.500. ECF No. 1, PageID.50. The trial court denied the motion for failure to establish cause and prejudice and for lack of merit. *People v. Peats*, No. 16-000020-FH (Kent Co. Cir. Ct. July 16, 2019); ECF No. 1, PageID.35-38; ECF No. 1-1, PageID.146. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Peats*, No. 352224 (Mich. Ct. App. April 17, 2020), ECF No. 1-1, PageID.106. He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied, *People v. Peats*, _ Mich. _, 949 N.W.2d 688 (Mich. Oct. 27, 2020), as well as a motion for reconsideration, which was denied. *People v. Peats*, _ Mich. _, 953 N.W.2d 413 (Feb. 2, 2021).

Petitioner dated the instant federal habeas petition on March 15, 2021.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Steiner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals denied relief on October 12, 2017. Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. His conviction thus became final on or about December 7, 2017 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1] Accordingly, Petitioner was required to file

---

[1]Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Petitioner, however, is not entitled to have the 90 days

his federal habeas petition by December 7, 2018, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on July 12, 2019. Thus, the one-year period expired well before Petitioner sought post-conviction collateral review in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date the instant federal habeas petition until March 15, 2021 – long after the one-year period expired.[2] His petition is therefore untimely and subject to dismissal.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered

---

added to the limitations period because his failure to timely seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

[2]The Court notes that the one-year limitations period is not statutorily tolled for the time in which Petitioner's first habeas petition was pending in federal court. Even if the Court equitably tolls that 13-day period, however, the instant petition is still untimely,

evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d) and subject to dismissal.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling of the one-year period due
to his mental health issues, namely schizophrenia, bipolar disorder, anxiety and depression, his limited education and literacy, and his innocence. ECF No. 4, PageID.158-161.

A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he or she was mentally incompetent and that the mental impairment was the cause for the late filing. *Id.*; *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his [or her] legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner does not meet this standard. While his attached medical records indicate that he has been diagnosed with schizoaffective disorder, bipolar type, the latest of those records, dated May 24, 2016, further indicate that he is asymptomatic with medication. ECF No. 4, PageID.210-216. Similarly, while those records state that he has experienced depression and anxiety, they do not indicate that such conditions are constant or debilitating in nature. *Id*. Petitioner's pleadings do not

establish that he is (or was) mentally incompetent or that his mental health condition impaired his ability to pursue legal proceedings on his own behalf during the relevant time period, from December, 2017 to December, 2018, when the statute of limitations ran. His pleadings also do not establish that he was unable to understand the need for assistance, to secure assistance, or to cooperate with assistance during that time. To be sure, he acknowledges that he has obtained assistance from counsel and legal writers while incarcerated. ECF No. 4, PageID.160. Simply put, Petitioner fails to show that his mental health issues (or other medical conditions) were so significant throughout the relevant time period that he was unable to pursue state court remedies and seek federal habeas relief in a timely manner. "Speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008).

Additionally, the fact that Petitioner has a limited education and is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance

of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority,

the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. He presents no new reliable evidence of his actual innocence that was not presented at trial. He thus fails to establish that he is entitled to equitable tolling of the one-year period on such a basis. His habeas petition is untimely and must be dismissed.

## IV.  Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to equitable tolling of the one-year limitations period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus and **DENIES** the motion for equitable tolling.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate


of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

                                                        s/Denise Page Hood
                                                        United States District Judge

Dated: December 7, 2021